J. M. SAUCER, *Petitioner,* v. THE STATE OF FLORIDA,
Respondent.

*Certiorari;* Seminole County No. 1.

Opinion Filed January 24, 1922.

Where in stating a statutory second offense, it is charged that
the defendant had unlawful possesion of intoxicating liquors
on a named day and the defendant is acquitted, and on a
charge subsequently made of the unlawful possession of in-
toxicating liquors on the same day named in the previous
charge, where a plea of *autre fois acquit* is stricken, and the
defendant is convicted, it is such a departure .from the
essential requirements of the law resulting in material in-
jury to the defendant that justifies relief on *certiorari.*

A case of original jurisdiction.

Judgment quashed.

*Cheney & Akerman,* for Petitioner;

*Rivers H. Buford,* Attorney General, and *J. B. Gaines,*
Assistant, for the State.

WHITFIELD, J.—On writ of *certiorari* issued from this
court, it appears that J. M. Saucer was put upon trial in
the County Judge's Court of Seminole County upon a
charge that in Seminole County, Florida, on March 25,
1921, he had in his possession intoxicating liquors, con-
trary to the statute; that he filed a plea of *autre fois acquit*
in which it is averred that he had been tried in the Circuit
Court upon an indictment charging that he on March 25,
1921, in Seminole County did unlawfully have in his

possession intoxicating liquors, having before then been convicted of the offense of selling liquor; that he had been acquitted of the charge, and that the offense is the same, etc., that the plea was stricken and the accused was convicted; and that such conviction was affirmed on appeal to the Circuit Court.

In view of the terms of the statute under which the second offense indictment was found, on which the accused was acquitted, the indictment was not fatally defective; and as both the charges of unlawful possession were on March 25, 1921, with nothing to indicate different offenses, the order striking the plea of *autre fois acquit* was a departure from the essential requirements of the law and obviously was materially harmful to the accused, for which the judgment of conviction affirmed by the Circuit Court, is quashed. It is so ordered.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.